### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### HELENA DIVISION

JAMES CHARLES FUDGE
ADC #78875                                                                            PLAINTIFF

V.                                     NO: 2:07CV00101 WRW/HDY

RAY HOBBS *et al.*                                                                   DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District
      Judge  (if such a  hearing is granted)  was not  offered at  the
      hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the East Arkansas Regional Unit ("EARU") of the Arkansas

Department of Correction ("ADC"), filed a *pro se*[1] complaint (docket entry #2), pursuant to 42

U.S.C. § 1983, on August 6, 2007, alleging multiple constitutional violations over a more than two-

year period at two different units.  Plaintiff has requested a jury trial.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

---

[1]Plaintiff is notified of his responsibility to comply with the Local Rules of the Court,
including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to
promptly notify the Clerk and the other parties to the proceedings of any change in his or her address,
to monitor the progress of the case, and to prosecute or defend the action diligently. A party
appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and
telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to
within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se*
shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's claims

Plaintiff has named 24 Defendants in his complaint: Ray Hobbs, ADC assistant deputy director; Grant Harris, Varner Unit warden; Tim Moncrief, Varner Unit assistant warden; Kim Luckett, Varner unit assistant warden; Greg Harmon, EARU warden; Lowe, Varner Unit major; Carlee Griswold, Varner Unit captain; Barnett, Varner Unit captain; Moses Jackson, EARU captain; R. McCarrell, Varner Unit lieutenant; R. Walker, Varner Unit correctional officer; Judith Brantley, Varner Unit correctional officer; Logan, Varner Unit correctional officer; Bryant, EARU correctional officer; Decoursey, EARU sergeant; Bogan, EARU sergeant and clothing room supervisor; D. Maney, EARU sergeant; Parker, EARU sergeant; W. Jamison, EARU sergeant; Morrison, EARU correctional officer; Palmer, EARU correctional officer; F. Bell, EARU correctional officer; K.

Franklin, EARU correctional officer; and Brown-Brooks, EARU correctional officer.

Including exhibits, Plaintiff's complaint is 127 pages long, and is in violation of Fed.R.Civ.P. 8(a) and (e), which specifies that a complaint must contain a "short and plain statement" showing that the plaintiff is entitled to relief and that the averments set forth therein must be "simple, concise, and direct." *See also Trobaugh v. Hyatt*, 125 Fed.Appx. 755 (8th Cir. 2005) (unpublished per curiam) (explaining that *pro se* inmates must comply with the pleading requirements set forth in Fed.R.Civ.P. 8(a) and (e); *Chandler v. Pogue*, 56 Fed.Appx. 756 (8th Cir. 2003) (unpublished per curian) (holding that a trial court did not abuse its discretion when it dismissed a *pro se* inmate's complaint for failing to comply with Fed.R.Civ.P. 8 and 10).

Additionally, Plaintiff cannot defeat the filing fee requirements set forth in the Prison Litigation Reform Act, 28 U.S.C. § 1915, by joining in one lawsuit a multitude of unrelated and legally distinct claims involving different Defendants, time periods, and units.  Given the complex and confusing nature of Plaintiff's unrelated claims, the Court cannot complete the screening process mandated by 28 U.S.C. § 1915A, nor will it be possible for the parties to complete discovery, file appropriate motions, or present this case to a jury in a coherent manner.

Accordingly, the Court recommends that this case be dismissed, without prejudice, so that Plaintiff may bring his various claims in separate actions. Specifically, Plaintiff should refile several separate complaints (and accompanying *in forma pauperis* applications) that each raise a few factually and legally related claims and that otherwise comply with Fed. R. Civ. P. 8.[2] It is generally

---

[2] For instance, Plaintiff might want to file: (1) one complaint regarding the allegedly inadequate hygiene practices of the Varner Unit barbers, (2) a second complaint concerning the allegedly retaliatory confiscation of his newspaper on February 18, 2005, (3) a third for Brantley's alleged assault on August 6, 2005, (4) a fourth for the sub-freezing temperatures he was allegedly forced to endure in his cell in February of 2005, and so forth.

the practice in this District to grant an *in forma pauperis* application, and assess an initial partial filing fee, before dismissing a prisoner's § 1983 action. However, the Court believes it would be more equitable in this case to deny the *in forma pauperis* application as moot and allow Plaintiff to start anew by filing several separate complaints (and *in forma pauperis* applications) that comply with Fed. R. Civ. P. 8.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint (docket entry #2) be DISMISSED WITHOUT PREJUDICE for failing to comply with Fed. R. Civ. P. 8.

2.      Plaintiff's application for leave to proceed *in forma pauperis* (docket entry #1) be DENIED AS MOOT.

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), than an *in forma pauperis* appeal from any order adopting this recommended disposition be considered frivolous not in good faith.

DATED this __17___ day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE